SOLÁ, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 134.—Decided February 4, 1913.

RECORD OF HOUSE BUILT ON LAND OF ANOTHER.—The owner of a house situated upon an unrecorded lot belonging to the municipality cannot have the house recorded in his favor until after the lot is recorded in favor of the municipality.

The facts are stated in the opinion.

*Mr. Andrés Mena* for appellant.

The registrar did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Cirilo Solá commenced proceedings in the Municipal Court of Caguas to prove his possession as owner of two houses situated in Rafael Cordero Street in the town of Caguas.

Proceedings having been had pursuant to law, the court approved the same and ordered that the original be returned to the interested party to be recorded in the registry of property.

The same having been presented in the registry of property by the interested party, the registrar refused to record the same according to the following decision dated December 27, 1912, from which this appeal has been taken:

"The record of the foregoing possessory title is denied as to the property referred to under letter B, which is all that is sought to be recorded, by virtue of the decision rendered by the Supreme Court of Porto Rico on June 7, 1910, in the case of *Hernández v. The Registrar of Property of Guayama* (16 P. R. R., 440), because it appears from the record of the possessory title proceedings that the house the possessory title to which is sought to be recorded is situated on a lot belonging to the municipality of Caguas and not to the applicant. A cautionary notice for 120 days in favor of the applicant, Cirilo

Solá y López, is entered in lieu thereof on folio 183 of volume 37 of this city, property No. 1770, entry letter A."

In his brief the appellant alleges that the decision of this court referred to by the registrar is not applicable to this case for the reason that the lot upon which the house sought to be recorded stands is already recorded in the registry in favor of the municipality of Caguas, whereas in the case decided by this court on June 7, 1910, the lot was not recorded in favor of the municipality.

Upon examining the possessory title proceedings the fact alleged by appellant did not appear to be set forth very clearly, and as such fact is essential for the determination of the appeal, we requested the registrar to make a report to us upon that point. The report of the registrar, as to its pertinent part, reads as follows:

"* * * there is recorded in the name of this municipality a property containing 81 *cuerdas* which was acquired by donation for the development of the town, but the undersigned is unable to state precisely whether the lot on which the house referred to under letter B in the possessory title proceedings stands forms part of the aforesaid property, as there is no statement as to that fact in the possessory title proceedings which is the object of this appeal, nor any description of the said 81 *cuerdas,* and no reference is made to its being recorded in the registry nor is there any statement that the said lot forms part of the aforesaid property.

"From a search made through the records of the registry at the time the document herein referred to was presented it was not found that the lot upon which the said house is built is recorded in favor of the municipality of Caguas or of any other party, according to its description in the proceedings."

Taking into consideration, therefore, the facts appearing from the proceedings and from the report of the registrar, we are unable to decide this appeal on the grounds upon which appellant bases all his argument, and there being no record showing that the lot upon which the house referred to stands is recorded in favor of the municipality, this case should be

governed entirely by the principles laid down in the case of *Hernández* v. *The Registrar of Property,* 16 P. R. R., 440, from which we quote:

"Upon an examination of the decision of the registrar we find it correct as to the two houses, because, as they are situated on lots belonging to the municipality of Aibonito, they cannot be recorded in the registry unless the lots are previously recorded, according to the decisions of the General Directorate of Registries of Spain, of September 1, 1863, January 1 and February 22, 1864, and July 22, 1874. Buildings are appurtenant to the soil."

For the foregoing reasons this appeal cannot be sustained and the decision appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.